UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH C. TOLBERT,<br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER BALDWIN,<br>DR. STEPHEN WEINER,[1] and<br>LT MORGAN,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 2:22-cv-01182 |

**OPINION**

**Defendants' Motions to Dismiss, ECF Nos. 18, 20, and 29 – Dismissed as moot**
**Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 53 - Granted**

**Joseph F. Leeson, Jr.** **November 30, 2022**
**United States District Judge**

## I. BACKGROUND

Plaintiff Keith C. Tolbert initiated this action *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights relating to an incident at SCI Phoenix in which he was assaulted by other inmates. Pursuant to 28 U.S.C. § 1915(e)(2), this Court screened the Complaint and entered a partial dismissal with leave to amend some claims. Tolbert filed an Amended Complaint, which the remaining Defendants, two corrections officers and the medical director at SCI Phoenix, have moved to dismiss. In response to the Motions to Dismiss, Tolbert filed a Motion for Leave to File a Second Amended Complaint. His motion includes the proposed Second Amended Complaint. For the reasons set forth below, leave to amend is granted.

[1] Dr. Weiner is now deceased. An Order will follow this Opinion substituting Dr. Weiner's wife, Nicola S. Wiener, as representative of the Estate of Dr. Stephen Weiner.

## II. STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure states: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit Court of Appeals further provides that "where a defendant moves to dismiss a deficient complaint, the court should grant leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002).

## III. ANALYSIS

### A. Eighth Amendment failure to protect claim against Baldwin.

In screening the Complaint, this Court concluded that Tolbert had pled sufficient facts, accepted as true, to state a failure-to-protect claim against Baldwin. In the Amended Complaint, which Tolbert filed with this Court's permission to attempt to allege additional facts to support his claims against other Defendants that had been dismissed without prejudice, Tolbert reasserted his allegations against Baldwin.

Baldwin moves to dismiss the Amended Complaint, arguing that a video of the incident clearly contradicts Tolbert's allegations and, also, that Baldwin is entitled to qualified immunity. In response, Tolbert filed a Motion for Leave to File a Second Amended Complaint, asserting that "a Second Amended Complaint is necessary to fill in material gaps that are lacking in Plaintiff's first Amended Complaint." *See* ECF No. 53 (containing Motion and Second Amended Complaint).

Because at the time he filed the Amended Complaint, Tolbert was not required to amend his allegations as to Baldwin, this would be Tolbert's first opportunity to file an amended

complaint based on the alleged deficiencies asserted by Baldwin. Accordingly, Tolbert's Motion for Leave to File a Second Amended Complaint is granted.[2]

**B. Eighth Amendment deliberate indifference claim against Doctor Weiner.**

The Complaint asserted only an Equal Protection claim against Dr. Weiner for his alleged failure to provide the same medical treatment to Tolbert as was provided to two corrections officers that were injured during the incident. This claim was dismissed without prejudice. Tolbert does not renew this claim in the Amended Complaint; instead, he alleges that Dr. Weiner was deliberately indifferent to Tolbert's medical needs.

In his Motion to Dismiss the Amended Complaint, Dr. Weiner argues that the allegations are insufficient to establish deliberate indifference under the Eighth Amendment and that Tolbert received the necessary medical care. Dr. Weiner further submits that because Tolbert previously filed a complaint in state court containing the same allegations of deliberate indifference and medical malpractice, which were dismissed, the claims are barred.

At the time the Amended Complaint was filed, Tolbert did not have the benefit of Dr. Weiner's arguments as to the alleged deficiencies in his deliberate indifference claims, nor this Court's review of his Eighth Amendment claim. Consequently, Tolbert's Motion for Leave to File a Second Amended Complaint is granted.[3]

**C. First Amendment retaliation claim against Lieutenant Morgan.**

Despite the fact that the claim against Morgan in the Complaint was dismissed with prejudice, the Amended Complaint again named Morgan as a defendant and reasserted allegations that Morgan filed false misconduct reports against Tolbert relating to the incident. The Amended Complaint specified for the first time, however, that Tolbert was asserting a First

---

[2] No opinion is offered at this time as to the sufficiency of the pleadings contained therein.
[3] No opinion is offered at this time as to the sufficiency of the pleadings contained therein.

Amendment retaliation claim against Morgan. The original Complaint was silent as to the exact constitutional claim and this Court construed Tolbert's allegations as an attempt to set forth a Fourteenth Amendment due process claim. It was on this construction of the claim that it was dismissed with prejudice.

Morgan has moved to dismiss all claims against him in the Amended Complaint because they were previously dismissed with prejudice. Recognizing that the Amended Complaint clarified that the claim is brought under the First Amendment for retaliation, Morgan further argues that if Tolbert is permitted to proceed under this theory the claim should nevertheless be dismissed for failure to state sufficient facts.

Because the claim against Morgan was originally dismissed with prejudice after being construed as alleging a due process violation, the retaliation claim will not be dismissed solely because Tolbert did not have leave to amend his claim against Morgan. Furthermore, Tolbert did not have the applicable law from this Court, nor Morgan's arguments as to why his claim should be dismissed when he filed the Amended Complaint. Tolbert's Motion for Leave to File a Second Amended Complaint is therefore granted.[4]

## IV. CONCLUSION

Although Tolbert was previously afforded an opportunity to file an amended complaint, leave was given after initial screening and this Court had construed some of his claims under different constitutional theories. Defendants filed Motions to Dismiss the Amended Complaint, which was the first time Tolbert had the benefit of their arguments and the law applicable to the exact constitutional claims asserted. Accordingly, Tolbert's Motion for Leave to File a Second Amended Complaint is granted.

---

[4] No opinion is offered at this time as to the sufficiency of the pleadings contained therein.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*__________
JOSEPH F. LEESON, JR.
United States District Judge