UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

KEITH C. TOLBERT,                            :
               Plaintiff,               :
                              :
       v.                                        :     No. 2:22-cv-01182
                              :
CORRECTIONAL OFFICER BALDWIN,  :
LT MORGAN, and NICOLA S. WEINER,[1] :
*as Representative of the Estate of*         :
*Dr. Stephen Weiner*,                        :
                Defendants.               :

_____

**O P I N I O N**
**Defendant Weiner's Motion to Dismiss, ECF No. 58 - Granted**

**Joseph F. Leeson, Jr.**                                         **March 28, 2023**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Keith C. Tolbert initiated this action *pro se* pursuant to 42 U.S.C. § 1983

alleging violations of his civil rights relating to and following an incident at SCI Phoenix in

which he was assaulted by another inmate.  Dr. Stephen Weiner treated Tolbert for injuries

sustained in the assault and also months prior to the assault.  Defendant Weiner[2] has filed a

Motion to Dismiss the Eighth Amendment claim against him.  For the reasons set forth below,

the Motion is granted and all claims against Weiner are dismissed with prejudice.

---

[1]     Incorrectly spelled Wiener on the docket.

[2]     Between the date of the alleged incident and the time Tolbert initiated the above-captioned action, Dr. Stephen Weiner passed away.  *See* ECF No. 31.  When Tolbert was granted leave to file a Second Amended Complaint, Nicola S. Weiner, as representative of the Estate of Dr. Stephen Weiner, was substituted as defendant for Dr. Weiner.  *See* ECF No. 56.

## II.    BACKGROUND

On March 16, 2022,[3] Tolbert filed a Complaint against the Pennsylvania Department of Corrections, six prison officials, and the medical director at SCI Phoenix Dr. Weiner, for constitutional violations stemming from an incident on March 20, 2020, when he was threatened and then violently assaulted by another inmate.[4]  *See* Compl., ECF No. 2.  Tolbert alleged he informed Corrections Officer ("CO") Baldwin about the threats, but CO Baldwin failed to protect Tolbert.  *See id.*  The Complaint alleged Lieutenant Morgan and other named defendants filed a false misconduct report against Tolbert for fighting and placed him in administrative segregation before transferring him to a prison farther away from his family.  *See id.*  Tolbert further alleged that in violation of the Fourteenth Amendment Equal Protection Clause, Dr. Weiner denied him the same medical care for the injuries he sustained in the assault as that provided to the corrections officers injured during the incident.  *See id.*  The Complaint was screened on April 4, 2022, and the claims related to Tolbert's administrative segregation, misconduct reports, and prison transfer were dismissed with prejudice.  *See* ECF Nos. 5-6.  All other claims, except Tolbert's Eighth Amendment failure-to-protect claim against CO Baldwin, were dismissed without prejudice and with leave to amend.  *See id.*

Tolbert filed an Amended Complaint on April 27, 2022,[5] against the remaining defendants: CO Baldwin, Lt. Morgan, and Dr. Weiner.  *See* Am. Compl., ECF No. 7.  The

---

[3]    Although the docket states that the Complaint was filed on March 24, 2022, this is the date it was received by the Court.  Under the prisoner mailbox rule, the Complaint is deemed filed when Tolbert handed it to prison officials for mailing, which was on March 16, 2022.  *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

[4]    Tolbert brought tort claims based on the same facts in the Montgomery County Court of Common Pleas in July 2020, which he withdrew in March 2022 to pursue the instant action.

[5]    The Amended Complaint was received on May 2, 2022, but dated April 27, 2022.  *See Pabon*, 654 F.3d at 391 n.8 (discussing the federal prisoner mailbox rule).

Amended Complaint provided additional details against CO Baldwin for allegedly failing to protect Tolbert and against Lt. Morgan for allegedly filing false misconduct reports, expanding the allegations to include retaliatory conduct.  *See id.*  The Amended Complaint alleged Dr. Weiner did not provide Tolbert proper medical care for the injuries he sustained in the assault. *See id.*  Tolbert alleged Dr. Weiner refused his request to go to the hospital, put him in the observation unit where he languished in pain for ten days, denied ice for swelling, an x-ray for his ribs and back, and a shower to wash off the o/c spray that was causing shortness of breath, nausea, vomiting, skin irritation, and pain.  *See id.*  The Amended Complaint further alleged Dr. Weiner's treatment after the assault was inadequate because he failed to assess Tolbert's neurological function despite knowledge of Tolbert's prior head injury, for which he was directly involved.  *See id.*  All Defendants moved to dismiss the Amended Complaint.  In response, Tolbert sought and was granted leave to file a Second Amended Complaint. *See* ECF Nos. 55-56.

In the Second Amended Complaint filed on November 30, 2022,[6] Tolbert again provides additional details regarding the threats and assault against him by another inmate on March 20, 2020, as well as the response to the incident by the corrections officers.  *See* Sec. Am. Compl., ECF No. 57.  Tolbert alleges that he continues to experience severe pain and cognitive issues from the injuries he sustained in the assault.  *See id.*  The Second Amended Complaint does not allege, however, that Dr. Weiner provided either unequal or inadequate medical care after the assault.  *See id.*  Rather, Tolbert alleges that the assault would not have occurred had Dr. Weiner not released him from the infirmary three months earlier for unrelated injuries.  *See id.* ¶ 58. Tolbert alleges that he sustained head and facial injuries on November 23, 2019, which required

---

[6]     Tolbert handed the Second Amended Complaint to prison officials for mailing on November 10, 2022, *see Pabon*, 654 F.3d at 391 n.8, but leave to file a second amended complaint was not granted until November 30, 2022, *see* Fed. R. Civ. P. 15(a)(2).

him to undergo surgery a few days later.  *See id.* ¶ 45.  Tolbert alleges he was thereafter admitted to the prison infirmary where Dr. Weiner was his physician.  *See id.* ¶¶ 46, 51.  Tolbert alleges that Dr. Weiner knew Tolbert's admittance to the infirmary and weakened condition would signal to the inmates on Tolbert's housing block that he was vulnerable to assault and that the other inmates posed a substantial risk of serious harm.  *See id.* ¶¶ 47, 53-55.  He alleges that Dr. Weiner should have arranged for Tolbert to remain in the infirmary until fully recovered or arrange for his release to low security housing.  *See id.* ¶ 56.  The Second Amended Complaint alleges that, instead, Dr. Weiner, knowing Tolbert was housed with "unusually dangerous and assaultive inmates," transferred him back to his original high-custody level housing location on December 12, 2019.  *See id.* ¶¶ 46, 49-50.  Tolbert claims that Dr. Weiner acted with deliberate indifference to the substantial risk of inmate-on-inmate assault in violation of his Eighth Amendment rights.  *See id.* ¶ 80.

CO Baldwin and Lt. Morgan have answered the Second Amended Complaint.  Weiner has filed a Motion to Dismiss.  *See* Mot., ECF No. 58.  The Motion is fully briefed.  *See id.*; Resp., ECF No. 70; Reply, ECF No. 71.  Weiner argues that the Second Amended Complaint presents a new and different claim against Dr. Weiner beyond the two-year statute of limitations. *See* Mot. 5-6.  Specifically, he argues, the Complaint and Amended Complaint alleged constitutional violations based on Tolbert's medical treatment following the assault on March 20, 2020, while the Second Amended Complaint is based on Dr. Weiner's acts/omissions related to Tolbert's release from the infirmary on December 12, 2019, twenty-seven (27) months before the above-captioned action was initiated.  *See id.*  Weiner further argues that the allegations do not show deliberate indifference to either a serious medical need, of which there was none, or to a substantial risk of harm.  *See id.* at 6-8.  Tolbert responds that his claim is not untimely because it

is based on the injury he sustained in the assault on March 20, 2020.  *See* Resp. 4.  Tolbert also

argues that his claim against Dr. Weiner is not a medical-care claim, but a failure-to-protect

claim so he does not need to show a serious medical need.  *See id.*  In Reply, Weiner disputes

Tolbert's suggestions of timeliness and sufficiency and, also, asserts that Tolbert never exhausted

an administrative grievance for failure to protect against Dr. Weiner.  *See* Reply 4-5.[7]

## III.   LEGAL STANDARDS

### A.       Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if

"the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to

---

[7]       Because the failure-to-exhaust argument requires the Court to consider documents not
attached to the pleadings and because the Second Amended Complaint will be dismissed on
other grounds, exhaustion is not addressed herein.

state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d

Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.     **Section 1983 claims – Review of Applicable Law**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The first step for the court analyzing a claim under § 1983 "is to identify the exact contours of

the underlying right said to have been violated."  *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841

n.5 (1998).   The court must determine "whether the plaintiff has alleged a deprivation of a

constitutional right at all."  *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Id.*).

Section "1983 is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94

(1989) (internal quotations omitted).  A "defendant in a civil rights action must have personal

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of

respondeat superior."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal

involvement can be shown through allegations of personal direction or of actual knowledge and

acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must

be made with appropriate particularity."  *Id.*

C.     **Statute of Limitations Under Section 1983 and Relation-Back – Review of
Applicable Law**

"In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations

for personal injury."  *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  The

statute of limitations for personal injury actions in Pennsylvania is two years.  *See id.*; 42 Pa.

C.S.A. § 5524.  "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."  *Sameric Corp.*, 142 F.3d at 599.

"Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint."  *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).  The Rule provides: an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide."  *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984).

### D.      Eighth Amendment (Medical Care) – Review of Applicable Law

To state an Eighth Amendment claim regarding the inadequacy of medical care, "a prisoner must make (1) an 'objective' showing that the prisoner's medical needs were sufficiently serious and (2) a 'subjective' showing that the prison official acted with a sufficiently culpable state of mind."  *Mitchell v. Gershen*, 466 F. App'x 84, 86 (3d Cir. 2011).  The "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs [because i]t is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A medical need is serious if it has been diagnosed by a physician as requiring treatment or so obvious that a lay person would easily recognize the necessity for a doctor's attention.  *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  Deliberate indifference occurs when a prison official knows of and disregards an

excessive risk to a prisoner's health.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  However, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients.  *Young v. Kazmerski*, 266 Fed. Appx. 191, 194 (3d Cir. 2008).  Mere negligence in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment.  *Estelle*, 429 U.S. at 105-06.  Disagreement as to proper care also does not support a finding of deliberate indifference.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

### E.      Eighth Amendment (Failure to Protect) – Review of Applicable Law

Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates."  *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Farmer*, 511 U.S. at 834.  An Eighth Amendment claim for failure to prevent harm has two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."  *See id.* (internal citations omitted).  "To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must [also] plead facts that show . . . the official's deliberate indifference caused him harm."  *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds, Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020).  Under the first element, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834.  Under the second element, "the state of mind is one of 'deliberate indifference' to inmate health or safety."  *Id.*  "In light of *Farmer*, [the Third Circuit Court of Appeals] adopted a subjective knowledge standard to establish deliberate indifference, requiring a showing that prison officials actually knew of and disregarded constitutional violations."  *Thomas v. Tice*, 948

F.3d 133, 138-39 (3d Cir. 2020).  A defendant's knowledge can be proven by circumstantial

evidence that the risk was so obvious the official must have known.  *See id.*

IV.   **ANALYSIS**

A.   **Tolbert's failure-to-protect claim against Dr. Weiner is time barred.**

Tolbert's only claim against Dr. Weiner in the original Complaint was for allegedly

denying Tolbert the same medical treatment given to two corrections officers, who were also

involved in the incident on March 20, 2020, in violation of Tolbert's Fourteenth Amendment

right to equal protection.  *See* Compl. 3.  When asked to identify his injuries, Tolbert made brief

mention of his November 28, 2019 head/facial surgery and of falling on his head on December

11, 2019.  *See id.*  There was absolutely no suggestion in the Complaint that Dr. Weiner was

involved with or had knowledge of Tolbert's prior medical treatment, that the prior injuries

impacted his medical treatment after the assault, that Tolbert suffered any constitutional violation

in relation thereto, or that Dr. Weiner failed to protect Tolbert.  *See id.*

Tolbert dropped his equal protection theory in the Amended Complaint and alleged Dr.

Weiner was indifferent to Tolbert's injuries sustained in the assault on March 20, 2020.  *See* Am.

Compl. II(D)(3).  Tolbert alleged that Dr. Weiner delayed or failed to provide proper medical

treatment for the injuries he sustained in the assault.  *See id.*  Tolbert alleged that because Dr.

Weiner was directly involved in Tolbert's "medical care beginning in December 29, 2019 when

he was placed in the prison infirmary after undergoing major head and facial surgery on

December 28, 2019 at Einstein Medical Center,"[8] Dr. Weiner should have conducted a

neurological assessment after the assault.  *Id.*  Accordingly, Tolbert's reference to his prior

---

[8]       These dates are inconsistent with the dates provided in the Complaint and in the Second
Amended Complaint, but this Court broadly construes the allegations to incorporate the
November dates.  These dates are not determinative of the statute-of-limitations analysis.

injuries was only to support his allegation that Dr. Weiner's medical care following the assault was inadequate.  The Amended Complaint made no suggestion that Tolbert suffered any constitutional violation in relation to his prior treatment or that Dr. Weiner failed to protect him.

The Second Amended Complaint alleges, for the first time, that Dr. Weiner failed to protect Tolbert by releasing him from the infirmary on December 12, 2019.  Neither the original Complaint nor the Amended Complaint made any reference to Tolbert's release from the infirmary or to Dr. Weiner's acts/omissions prior to the March 20, 2020 assault; rather, the claims against Dr. Weiner were based solely on his medical treatment of Tolbert following the assault.  The failure-to-protect claim in the Second Amended Complaint is therefore completely new and arises out of a different set of facts.  *See* Fed. R. Civ. P. 15(c).  Because Dr. Weiner had no notice until the Second Amended Complaint that Tolbert was complaining about different conduct occurring prior to March 20, 2020, it does not relate back.  *See Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012) (holding that "the underlying question for a Rule 15(c) analysis is whether the *original* complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint" (internal quotations omitted)).

The Second Amended Complaint was filed in November 2022.  The failure-to-protect claim against Dr. Weiner contained therein is governed by a two-year statute of limitations.  Accordingly, any conduct prior to November 2020 is beyond the statute of limitations and may not form the basis of liability.  Tolbert's failure-to-protect claim, regardless of whether it began to accrue on December 12, 2019, when Tolbert alleges Dr. Weiner released him from the infirmary despite his allegedly vulnerable state to be housed with dangerous inmates, or on March 20, 2020, when Tolbert was assaulted allegedly as a consequence of Dr. Weiner's decision to release him from the infirmary, is timed barred.  *Cf. Wallace v. Kato*, 549 U.S. 384,

388 (2007) (holding the plaintiff could have filed § 1983 suit as soon as the allegedly wrongful

act occurred), *with Santos v. Gainey*, 417 F. App'x 109, 110 (3d Cir. 2010) (determining that the

failure-to-protect claim accrued on the date the plaintiff was assaulted by other inmates).

**B.     Tolbert fails to state a claim a failure-to-protect claim against Dr. Weiner.**

Even if Tolbert's failure-to-protect claim against Dr. Weiner was not barred by the statute

of limitations, he has not shown an Eighth Amendment violation.  Tolbert's allegations are

insufficient to support each of the three required elements.  First, the alleged deprivation

(Tolbert's return to high-custody housing from the infirmary) is not objectively, sufficiently

serious.  *See Padilla v. Beard*, 206 F. App'x 123, 124 (3d Cir. 2006) (rejecting the inmate's

claim that a status change putting him at a more restrictive custody level amounted to cruel and

unusual punishment in violation of the Eighth Amendment). *See also Wilkinson v. Austin*, 545

U.S. 209, 221-22 (2005) (holding that an inmate does not have a liberty interest in avoiding

transfer to more adverse conditions of confinement).  In the absence of any specific threats to

Tolbert, the mere fact that Tolbert spent time in the infirmary does not show a substantial risk of

serious harm upon his release.  *See Williams v. Del. Cty. Bd. of Prison Inspectors*, 844 F. App'x

469, 475 (3d Cir. 2021) (concluding that the inmate's allegations that he was housed on the same

block and/or cell as maximum-security inmates and escorted through spaces occupied by them

were "too speculative to make out a failure-to-protect claim").  If it did, no high-custody

classification inmate could ever be returned to his original housing block after being in the

infirmary.  For these reasons, Tolbert has also failed to show that Dr. Weiner acted with

deliberate indifference.  *See Bistrian*, 696 F.3d at 371 (The risk that an inmate with a history of

violence might attack another inmate is too speculative to establish deliberately indifferent.);

*Dickerson v. Graterford*, 453 F. App'x 134, 136 (3d Cir. 2011) (holding that a "finding of

deliberate indifference requires proof of subjective knowledge, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware" (internal quotations omitted)).  Finally, because Tolbert was not assaulted until more than three months after being released from the infirmary, his suggestion that Dr. Weiner's conduct caused the assault is wholly unsupported.

Since the failure-to-protect claim is untimely and Tolbert has been granted leave to amend twice before, allowing further leave to amend would be inequitable.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that a *pro se* plaintiff should normally be given an opportunity to file a curative amendment, but leave to amend need not be granted where an "amendment would be inequitable or futile").  Additionally, given the complete absence of any allegations that would show Dr. Weiner acted with deliberate indifference when simply releasing Tolbert from the infirmary, leave to amend would be futile.  *See id.*  The failure-to-protect claim against Dr. Weiner is dismissed with prejudice.

### C.    Tolbert fails to state a claim against Dr. Weiner based on medical care.

Tolbert admits in response to the Motion to Dismiss that he is not raising a medical care claim against Dr. Weiner.  Regardless, given a court's obligation to construe *pro se* pleadings liberally, *see Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), this Court has considered whether the Second Amended Complaint is sufficient to state such a claim.  It is not.

The Second Amended Complaint does not allege that Dr. Weiner provided either unequal or inadequate medical care for Tolbert's injuries sustained in the assault on March 20, 2022.  It does not allege that Tolbert's injuries were "serious" or that Dr. Weiner acted with "deliberate indifference" on or after March 20, 2022, both of which are required to show an Eighth Amendment violation.  Additionally, even if a claim based on Dr. Weiner's medical care

between November 23, 2019, and December 12, 2019, was timely, the Second Amended Complaint does not allege that Dr. Weiner's medical care between these dates was inadequate. Nor does it allege that Dr. Weiner acted with deliberate indifference to a serious medical need of Tolbert's.  It therefore also fails to state a claim against Dr. Weiner based on medical care.

Given that Tolbert has had two prior opportunities to amend his complaint to state a claim against Dr. Weiner for deliberate indifference to medical care, further leave to amend would be both futile and inequitable.  *See Grayson*, 293 F.3d at 108.  Dr. Weiner is therefore dismissed with prejudice.

## V.   CONCLUSION

The Second Amended Complaint presents a new claim (failure-to-protect) against Dr. Weiner based on conduct that occurred months before Tolbert was injured in an inmate-on-inmate assault and Dr. Weiner's medical care for such injuries that was alleged in the original Complaint and in the Amended Complaint.  The Second Amended Complaint therefore does not relate back to the time the original Complaint was filed.  Since the Second Amended Complaint was filed more than two years after the conduct allegedly violating Tolbert's Eighth Amendment rights, the failure-to-protect claim is barred by the statute of limitations.  Moreover, the allegations are insufficient to state a constitutional claim because Dr. Weiner's release of Tolbert from the infirmary back to his original housing location in the absence of any specific threats is not deliberate indifference.  Further leave to amend would be futile and inequitable. Consequently, all claims against Dr. Weiner are dismissed with prejudice.

A separate order follows.

                              BY THE COURT:


                              */s/ Joseph F. Leeson, Jr.*
                              JOSEPH F. LEESON, JR.
                              United States District Judge