UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH C. TOLBERT,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    No. 2:22-cv-01182 |
| CORRECTIONAL OFFICER BALDWIN,<br>and LT MORGAN,<br>      Defendants. | :<br>:<br>:<br>: |

**O R D E R**

**AND NOW**, this 13th day of August, 2024 for the reasons set forth in the Opinion issued this date, **IT IS ORDERED THAT**:

1. Plaintiff's Motion for Sanctions, ECF No. 135, is **GRANTED in part** as follows:

   A. For purposes of the Motion for Summary Judgment, only, this Court designates the following fact as established: JA-Block was an inherently dangerous housing unit and Baldwin had actual knowledge of the same.

   B. **No later than Monday, August 26, 2024**, Baldwin shall, without objection, serve on Tolbert "all documents showing housing unit 'JA-Block' classification status, classification requirements, and electronically stored tracking information related to inmate placement on JA-Block at S.C.I. Phoenix." *See* ECF No. 115 at ¶ 6.

   C. **No later than Tuesday, August 27, 2024**, Baldwin shall file proof of service with this Court, along with a copy of the documents produced.

2. Defendants' Motion for Summary Judgment, ECF No. 120, is **GRANTED in part and DENIED in part** as follows:

    A.    Summary judgment is granted in favor of Morgan on the First Amendment retaliation claim.  Lt. Morgan is dismissed and terminated as a defendant.

    B.    Summary judgment is denied as to the Eighth Amendment failure to protect claim against Baldwin.

    C.    A separate order will be issued scheduling this case for trial as to the failure to protect claim against Baldwin.

3.    Plaintiff's Motion to Compel, ECF No. 121, is **GRANTED**[1] as follows:

    A.    **No later than Monday, August 26, 2024**, Baldwin shall, without objection, serve on Tolbert complete responses to Plaintiff's Request for Production of Documents dated August 5, 2023.  *See* ECF No. 117.

    B.    **No later than Tuesday, August 27, 2024**, Baldwin shall file proof of service with this Court, along with a copy of the documents produced.

4.    Plaintiff's Motion to Compel, ECF No. 136, is **GRANTED**[2] as follows:

---

[1] In response to the Motion to Compel, Defendants' sole opposition is that the request was untimely.  *See* ECF No. 123.  All objections based on timeliness and/or waiver are overruled.  In making this ruling, this Court considers Tolbert's *pro se* status and the fact that the documents requested in paragraph 1 were previously requested within the allotted time and either should have already been produced or were denied without prejudice to renew.  *See, e.g.* ECF No. 91 (Order dated May 3, 2023, denying without prejudice Tolbert's motion to compel information regarding the disciplinary records of Burley and Clancy because such information is protected (citing DC-ADM 003)).  As to the documents requested in paragraphs 2 and 3, this information only became relevant (to a spoliation motion) when Defendants failed to produce video of the entire incident on March 20, 2020; therefore, explaining the reason for the late request.  *See also id.* (granting Tolbert's request that the Court order that all video evidence be preserved).  Moreover, although the time to request production of documents had expired, Tolbert's discovery request was served prior to the close of fact discovery.

[2] Apparently through no fault of Defendants or of Tolbert, prison officials confiscated and improperly destroyed Tolbert's legal box containing all discovery previously received by Tolbert in this case.  Tolbert is therefore without the discovery he will need to prepare his case for trial.  Considering this, as well as Tolbert's *pro se* and *in forma pauperis* status, counsel for Defendants shall resend all previously transmitted discovery.

      A.      **No later than Monday, September 9, 2024**, Defendants shall serve on Tolbert copies of all previously produced discovery.

      B.      **No later than Tuesday, September 10, 2024**, counsel shall file proof of service with this Court.

5.    Tolbert's Motion to Appoint Counsel, ECF No. 128, is **GRANTED in part**[3] as follows:

      A.      The Clerk of Court shall **REFER** this action to the Prisoner Civil Rights Panel to attempt to obtain counsel for Plaintiff.[4]

      B.      If no attorney has volunteered to represent Plaintiff within ninety (90) days, then **on November 11, 2024, the case will be removed from the panel**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] Although there is no constitutional or statutory right to appointment of counsel in a civil case, *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). Since one of Tolbert's claims will proceed to trial, this Court finds that counsel will be helpful. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (holding that the initial determination to be made by the court in deciding a motion to appoint counsel is whether the plaintiff's case has some arguable merit in fact and law); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (listing the factors a court should consider in deciding whether to appoint counsel, including the plaintiff's ability to present his own case, the difficulty of the particular legal issues, and the extent to which the case is likely to turn on credibility determinations).

[4] The Court is referring this action to this district's Prisoner Civil Rights Panel to attempt to find a volunteer attorney willing to represent Tolbert. However, the Court cannot compel an attorney to represent him, and there is no guarantee that an attorney will agree to accept his case. Thus, Tolbert will have to wait to see if an attorney on the Panel is willing to accept his case.

Tolbert is advised that if no attorney is willing to accept his case, he must be prepared to represent himself at trial. He is also responsible for obtaining the necessary subpoenas for any trial witnesses and for filing any pretrial motions and memorandum.